

**IT IS ORDERED as set forth below:**

**Date: October 20, 2020**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| MICHAEL J. BLYDENSTEIN, | ) | CASE NO. 18-71767-PMB |
| | ) | |
| Debtor. | ) | |
| ------------------------------------------- | ) | |
| S. GREGORY HAYS, Chapter 7 Trustee for the Estate of Michael J. Blydenstein, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| PINGORA LOAN SERVICING, LLC; FULTON COUNTY TAX COMMISSIONER; GORDON LOFTS CONDOMINIUM ASSOCIATION, INC., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER ON TRUSTEE'S MOTION FOR AUTHORITY TO (A) SELL REAL PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL LIENS, INTERESTS, AND ENCUMBRANCES AND (B) DISBURSE CERTAIN PROCEEDS AT CLOSING**

On September 25, 2020, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Michael J. Blydenstein (the "**Debtor**"), filed *Trustee's Motion for Authority to (A) Sell Property of the Bankruptcy Estate Free and Clear of All Liens, Interests, and Encumbrances and (B) Disburse Certain Proceeds at Closing* [Doc. No. 67] (the "**Sale Motion**"), seeking, among other things, an order from the Court, authorizing the sale (the "**Sale**") of that certain improved real property with a common address of 215 Mitchell Street, #9, Atlanta, Fulton County, Georgia 30303 (the "**Property**") to Nicholas S. Graham (the "**Purchaser**") "as-is, where-is, with all faults" for an all-cash sale price of $260,000.00 (the "**Purchase Price**") in accordance with the terms of a *Trustee's Purchase and Sale Agreement* (the "**Sale Agreement**") attached to the Sale Motion as Exhibit "A."

Also on September 25, 2020, Trustee filed a *Notice of Hearing* [Doc. No. 69] (the "**Notice**"), setting the Sale Motion for hearing on October 19, 2020 (the "**Hearing**").

Counsel for Trustee certifies that he served the Notice on all requisite parties in interest. *See* [Doc. No. 69].

Counsel for Trustee appeared at the calendar call for the Hearing. No creditors or parties in interest appeared to oppose the relief requested in the Sale Motion. No creditors or parties in interest filed an objection to the relief requested in the Sale Motion.

Having considered the Sale Motion and the entire record in this matter; no creditors or parties in interest having objected to the relief requested in the Sale Motion; and for good cause shown, it is hereby

**ORDERED** that the Sale Motion is **GRANTED**. It is further

**ORDERED** that Trustee is authorized and directed to take any and all actions necessary or

13032138v1

appropriate to (i) consummate the Sale of the Property to Purchaser, (ii) execute, perform, consummate, implement, and close fully the Sale together with all additional instruments and documents that may be reasonably necessary; and (iii) execute and perform all of the obligations of Trustee under the Sale Agreement.  It is further

**ORDERED** that this Order shall be binding upon all creditors (whether known or unknown) of Debtor, Trustee, the Bankruptcy Estate, and their respective successors, assigns, affiliates, and subsidiaries.  It is further

**ORDERED** that upon consummation of the closing of the Sale, the Property shall be transferred and assigned to Purchaser free and clear of all liens, claims, interests, and encumbrances with all valid and enforceable liens, claims, or interests attaching to the sale proceeds with the same extent, validity, and priority that they held in the Property.  It is further

**ORDERED** that the Sale of the Property to the Purchaser is "as is," "where is," and without representation or warranty, express or implied, from Trustee.  It is further

**ORDERED** that, under Fed. R. Bankr. P. 6004(h), this Order shall be effective and enforceable immediately upon entry, and its provisions shall be self-executing.  In the absence of any person or entity obtaining a stay pending appeal, Trustee and Purchaser are free to close the Sale of the Property at any time, at which time the gross sales proceeds shall be paid to Trustee pursuant to this Order, and those disbursements requested by Trustee in his Sale Motion are authorized to be made.  It is further

**ORDERED** that this Court retains exclusive jurisdiction over any action relating to, based upon, or arising from disputes or controversies relating to or concerning the Sale, the Sale Agreement, or this Order.

**[END OF DOCUMENT]**

13032138v1

Order prepared and presented by:

HERBERT C. BROADFOOT II, P.C.
*Attorney for Chapter 7 Trustee*

By:/s/ *Herbert C. Broadfoot II*
    Herbert C. Broadfoot II
    Georgia Bar No. 083750
2964 Peachtree Road, N.W.
Suite 555
Atlanta, Georgia 30305
Telephone: (404) 926-0058
Email: bert@hcbroadfootlaw.com

**Identification of parties to be served:**

Office of the United States Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555, 2964 Peachtree Road
Atlanta, GA 30305

Arthur E. Ferdinand
Fulton County Tax Commissioner
141 Pryor Street
Atlanta, GA 30303

Gordon Lofts Condominium Assoc., Inc.
c/o Eric J. Henning, Registered Agent
1465 Northside Drive, N.W., Suite 128
Atlanta, GA 30318

Robin Blass
Coldwell Banker Residential Brokerage
5591 Chamblee Dunwoody Road
Building 1300, Suite 100
Atlanta, GA 30338

G. Frank Nason, IV
Lamberth, Cifelli, Ellis & Nason, P.A.
1117 Perimeter Center West, Suite N313
Atlanta, GA 30338

John A. Medina
Kenney & Medina, P.C.
593 Main Street
Suwanee, GA 30024

Michael Campbell
Campbell & Brannon, LLC
5565 Glenridge Connector, Suite 350
Atlanta, GA 30342

Pingora Loan Servicing, LLC
c/o Lucretia Scruggs
Shapiro Pendergast & Hasty, LLP
211 Perimeter Center Parkway, N.E.
Suite 300
Atlanta, GA 30346

13032138v1