UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| IN RE: | | CASE NO. 18-71767 |
|---|---|---|
| MICHAEL J. BLYDENSTEIN, | | CHAPTER 7 |
| Debtor. | | JUDGE BAISIER |

## NOTICE OF MOTION FOR ORDER AUTHORIZING COMPROMISE AND SETTLEMENT UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, DEADLINE TO OBJECT AND HEARING

**S. GREGORY HAYS, Chapter 7 Trustee**, has filed a *Motion for Order Authorizing Compromise and Settlement Under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (**the "Motion"**) on **October 3, 2022**. The Motion seeks approval of a settlement between the Trustee and Ms. Krystin Alexander whereby Ms. Alexander will pay $25,000 to the Trustee in full satisfaction of all claims by the estate of an interest in 1124 Dekalb Avenue, #24, Atlanta, Georgia. The Motion is on file with the Clerk of this Court and is available for review online or a copy may be obtained from counsel for the Trustee identified below.

Pursuant to Second Amended and Restated General Order No. 24-2018, the Court may consider this matter without further notice or a hearing if no party in interest files a response or objection within twenty-one (21) days from the date of service of this notice. **If you object to the relief requested in this pleading, you must timely file your objection with the Bankruptcy Clerk** at Room 1340, 75 Ted Turner Drive, S.W., Atlanta, GA 30303, and serve a copy on the movant's attorney, Herbert C. Broadfoot II, 2964 Peachtree Road, N.W., Suite 555, Atlanta, GA 30305, and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

A hearing on the pleading has been scheduled for **November 7, 2022**. The Court will hold an initial telephonic hearing for announcements on the Motion at the following number: toll-free number: **833-568-8864**; meeting id **161 706 9079**, at **1:10 P.M.**, in **Courtroom 1202, at the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303.**

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing

1

Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information.

If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice or hearing** provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the hearing, the hearing will be held as scheduled.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

Dated: October 3, 2022

*/s/Herbert C. Broadfoot II*
Herbert C. Broadfoot II
Georgia Bar No. 083750

2964 Peachtree Road,
Suite 555
Atlanta, Georgia 30305
(404) 926-0058
bert@hcbroadfootlaw.com
Attorney for S. Gregory Hays, Chapter 7 Trustee

2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| MICHAEL J. BLYDENSTEIN, | CASE NO. 18-71767-PMB |
| Debtor. | |

**MOTION FOR ORDER AUTHORIZING COMPROMISE AND SETTLEMENT UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Michael J. Blydenstein ("**Debtor**"), by and through the undersigned counsel, and files his *Motion for Order Authorizing Compromise and Settlement with Debtor under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Settlement Motion**"). In support of the Settlement Motion, Trustee respectfully shows the Court as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure. This Settlement Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

**Background**

2. On December 30, 2018 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating

15413783v1

Chapter 7 Case No. 18-71767-PMB (the "**Bankruptcy Case**").

3. Trustee was thereafter appointed the duly acting Chapter 7 trustee in the Bankruptcy Case, and he remains in this role.

4. On the Petition Date, Debtor owned a one-half interest in that certain real property with a common address of 1124 Dekalb Avenue, #24, Atlanta, Fulton County, Georgia 30307 (the "**Property**"). The Property is a residential condominium. Debtor scheduled Krystin Alexander, his former spouse, ("**Ms. Alexander**") as joint owner of the Property.

5. Debtor's interest in the Property (the "**Interest**") is property of the Bankruptcy Estate. *See* 11 U.S.C. §§ 348 and 541 (2020).

6. Debtor died on August 30, 2019 [Doc. No. 48]; however, death of a debtor does not abate a Chapter 7 liquidation. Federal Rules of Bankruptcy Procedure Rule 1016.

7. The Trustee has determined that Debtor and Ms. Alexander purchased the Property in 2003. In 2005 Debtor and Ms. Alexander separated and thereafter completed an uncontested divorce and division of property. Since 2007, Ms. Alexander has lived in the Property and paid the mortgage, property taxes and HOA dues.

8. On *Schedule D: Creditors Who Have Claims Secured by Property* [Doc. No. 21 at page 19], Debtor scheduled one claim against the Property held by Mr. Cooper ("**Mr. Cooper**") in the amount of $153,767.64.

9. On March 25, 2019, Debtor filed a Reaffirmation Agreement [Doc. No. 33] in the amount of $154,279.66 with Nationstar Mortgage LLC d/b/a Mr. Cooper.

**The Settlement**

10. Following negotiations, Trustee and Ms. Alexander (collectively, the "**Parties**") have reached an agreement whereby the Trustee will convey the estate's interest in the Property

15413783v1

to Ms. Alexander in exchange for a payment of $25,000.00. The Parties have entered into a Settlement Agreement (the "**Settlement Agreement**"). Trustee attaches a copy of the Settlement Agreement as Exhibit "A" to this Settlement Motion. Significant terms of the Settlement Agreement are as follows:[1]

    a. Ms. Alexander shall pay a total of $25,000.00 (the "**Settlement Funds**") in good funds to Trustee in exchange for Trustee's conveying the Interest to her in accordance with the following schedule (the "**Scheduled Payments**"): $5,000.00 within 5 business days of the Order approving the Settlement Agreement becoming a final order.

    b. $20,000.00 on or before the date 6 months after the date of the initial $5,000.00 payment for a total of $25,000.00.

    c. Ms. Alexander shall insure the Property to protect the Bankruptcy Estate against loss, whether casualty or personal liability, until the Trustee's receipt in full of the Settlement Funds.

    d. Ms. Alexander shall pay all *ad valorem* real property taxes that accrue against the Property until the Trustee's receipt in full of the Settlement Funds.

    e. Ms. Alexander shall pay all maintenance and repair expenses that arise from or that are related to the Property until the Trustee's receipt in full of the Settlement Funds.

**Relief Requested**

11. By this Settlement Motion, Trustee requests that the Court approve the Settlement Agreement between the Parties.

**Basis for Relief**

12. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or

---

[1] The foregoing is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.

15413783v1

settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).

13. The proposed settlement between the Parties is the product of arms' length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

14. The proposed settlement will allow Trustee to make a meaningful distribution to the holders of timely filed general unsecured claims in this Bankruptcy Case and allow Ms. Alexander to keep her primary residence.

15. Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee urges that this Court approve the Settlement Agreement.

-5-

WHEREFORE, Trustee respectfully requests that the Court enter an Order (i) granting this Settlement Motion; (ii) authorizing Trustee to take actions reasonably necessary to effectuate the terms of the Settlement Agreement; and (iii) granting to the parties such other and further relief as the Court deems just and appropriate.

Respectfully submitted, this 3rd day of October, 2022.

HERBERT C. BROADFOOT II, P.C.
*Attorney for Trustee*

By: */s/ Herbert C. Broadfoot II*
    Herbert C. Broadfoot II
    Georgia Bar No. 083750
    bert@hcbroadfootlaw.com

2964 Peachtree Road, NW, Suite 555
Atlanta, GA 30305
(404) 926-0058

**EXHIBIT "A" FOLLOWS**

15413783v1

# SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") dated as of September 30, 2022 (the "**Effective Date**"), is entered into between S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Michael J. Blydenstein, ("**Debtor**") and Krystin Alexander ("**Ms. Alexander**"), an individual resident of the State of Georgia.

## Background

1. On December 30, 2018 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, ("**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 7 Case No. 18-71767-pmb (the "**Bankruptcy Case**").

2. Trustee was thereafter appointed the duly acting Chapter 7 trustee in the Bankruptcy Case, and he remains in this role.

3. On the Petition Date, Debtor owned a one-half interest in that certain real property with a common address of 1124 Dekalb Avenue, #24, Atlanta, Georgia 30307 (the "**Property**").

4. Debtor's interest in the Property (the "**Interest**") is property of the Bankruptcy Estate. *See* 11 U.S.C. §§ 348 and 541 (2020).

5. Rather than Trustee's marketing the Interest of the Bankruptcy Estate in the Property for public sale, Ms. Alexander would like to purchase the Interest from the Bankruptcy Estate.

6. Following negotiations, Trustee and Ms. Alexander (collectively, the "**Parties**") have reached an agreement for the Trustee to convey the Interest to Ms. Alexander by Trustee's deed following certain payments by Ms. Alexander.

Accordingly, the Parties agree as follows:

1. **Background.** The recitations in the above background section are incorporated into this Agreement as if set forth fully herein.

2. **Transfer of the Interest.** Subject to approval of this Settlement Agreement by the Bankruptcy Court, following notice and the opportunity for a hearing, the Parties agree as follows:

    2.1. *Approval of Proposed Settlement.* Within five (5) business days after execution of this Agreement by each of the Parties, Trustee shall prepare and file the necessary pleadings, including, but not limited to, a motion pursuant to Rule 9019

Page 1 of 5

13146680v1

of the Federal Rules of Bankruptcy Procedure ("**Settlement Approval Motion**"), seeking entry of an order by the Bankruptcy Court approving the compromise and settlement contemplated herein ("**Settlement Approval Order**").

2.2. *Payment of Settlement Funds.* After the Settlement Approval Order becomes final, Ms. Alexander shall pay a total of $25,000.00 (the "**Settlement Funds**") in good funds to Trustee in exchange for Trustee's conveying the Interest to Ms. Alexander in accordance with the following schedule (the "**Scheduled Payments**"): $5000.00 upon the Settlement Approval Order becoming final and $20,000.00 on or before 6 months following the date of the initial payment.

For avoidance of doubt, Ms. Alexander shall pay each of the Scheduled Payments to Trustee by delivering an official check in the appropriate amount set forth above and made payable to "S. Gregory Hays, Trustee (Blydenstein)", addressed as follows:

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Road, Suite 555
Atlanta, Georgia 30305

For the purposes of this Agreement, the Settlement Approval Order becomes final when it has been entered on the docket in the Bankruptcy Case and it (a) has not been reversed, stayed, modified or amended and as to which the time to appeal from, or to seek review or rehearing of, has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (b) if appealed from, has been affirmed (or the appeal dismissed) and the time to appeal from such affirmance or to seek review or rehearing thereof has expired, or no further hearing, appeal or petition for certiorari can be taken or granted.

2.3. *Conveyance of the Property.* The Interest of the Bankruptcy Estate in and to the Property shall be conveyed by Trustee's deed upon the Trustee's receipt in full of the Settlement Funds from Ms. Alexander.

2.4. *Ms. Alexander to Insure Property.* Ms. Alexander shall insure the Property to protect the Bankruptcy Estate against loss, whether casualty or personal liability, until the Trustee's receipt in full of the Settlement Funds.

2.5. *Ms. Alexander to Pay Real Property Taxes.* Ms. Alexander shall pay all *ad valorem* real property taxes that accrue against the Property until the Trustee's receipt in full of the Settlement Funds.

2.6. *Ms. Alexander Shall Pay for All Maintenance of Property.* Ms. Alexander shall pay all maintenance and repair expenses that arise from or that are related to the Property until the Trustee's receipt in full of the Settlement Funds.

13146680v1

2.7. *No Pre-Payment Penalty.* Notwithstanding anything to the contrary in this Agreement, Ms. Alexander may pay at any time the entire amount due under this Agreement without incurring a pre-payment penalty.

2.8. *Remedies for Default.* If Ms. Alexander fails to pay timely a Scheduled Payment then:

2.8.1. Trustee shall be entitled to retain for the benefit of the Bankruptcy Estate any Scheduled Payments that Ms. Alexander has made to Trustee; and

2.8.2. Trustee shall be entitled to sell the Property.

Trustee and Ms. Alexander acknowledge and agree that: (a) estimating the damages from Ms. Alexander's breaching this Agreement would be difficult or impossible to estimate ahead of time; (b) that the damages set forth in this Section 2.11 of the Agreement are compensatory rather than punitive in nature; and (c) that the damages set forth herein are the best, reasonable estimate of Ms. Alexander and Trustee of the injury that Trustee and the Bankruptcy Estate would suffer in the event that Ms. Alexander fails to make either of the Scheduled Payments.

3. **No Admissions.** The Parties acknowledge and agree that this Agreement is being executed and delivered as part of a compromise and settlement and is expressly contingent upon and subject to the approval of the Bankruptcy Court for the Northern District of Georgia. The Parties further acknowledge and agree that this Agreement will not and may not be used or construed as an admission of any liability or responsibility to any party or to any other persons.

4. **Entire Agreement; Modification.** The Parties agree that there are no other agreements, oral or written, between or among them relating to any matters covered by this Agreement and that this Agreement constitutes the entire agreement and understanding between the Parties relating to the subject matter contained herein. The Parties further agree that this Agreement may not be altered, amended, or modified in any respect or particular whatsoever, except by a writing duly executed by Trustee and Ms. Alexander and that any material amendment is subject to Bankruptcy Court approval.

5. **Voluntary Execution of Agreement.** The Parties hereby mutually acknowledge and represent and warrant that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, that they have read, know, and understand completely the contents hereof, and that they have voluntarily executed the same. The Parties further mutually acknowledge and represent and warrant that they have had input into the drafting of this Agreement and that, accordingly, in any construction to be made of this Agreement, it shall not be construed for or against either

13146680v1

Trustee or Ms. Alexander but rather shall be given fair and reasonable interpretation based on the plain language of this Agreement and the expressed intent of the Parties.

6. **Authority of Parties.** The persons executing this Agreement represent and warrant that they have the legal and institutional authority to do so on behalf of the person or legal entity for which they are signing.

7. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which is an original, and all of which constitute only one agreement between the Parties. Counterparts of this Agreement also may be exchanged via electronic transmission such as facsimile machines or computer, and any Party's signature transmitted by such electronic transmission shall be deemed to be an original signature for all purposes.

8. **Bankruptcy Court Jurisdiction.** The Bankruptcy Court shall retain jurisdiction over the Parties for enforcement of this Agreement and any and all disputes, controversies, or claims regarding the interpretation, validity, construction or other issue relating to or concerning this Agreement. An action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the Bankruptcy Court which shall retain jurisdiction over the subject matter and the Parties for this purpose.

9. **Georgia Law Applicable.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, without regard to its conflict of law principles.

10. **Severability.** If any provision of this Agreement is illegal or unenforceable, that provision is severed from this Agreement and the other provisions remain in force.

11. **Notices.** Any notices by Parties provided for or permitted under this Agreement, or by law, shall be in writing and shall be deemed received: (a) when personally delivered to a party, on the date of such delivery; or (b) when sent via electronic mail to a party at the electronic mail address set forth below, on the date of transmission, provided that the transmitting Party has no reasonable belief that the electronic mail was not delivered; or (c) when deposited in the United States Mail, certified and postage prepaid, addressed to such party at the address set forth below, three (3) days following the deposit of such notice in the mail. Notices shall be sent to the parties as follows

   11.1. *If to Trustee*:

   S. Gregory Hays
   Hays Financial Consulting, LLC
   2964 Peachtree Road, NW, Suite 555
   Atlanta, GA 30305

Page 4 of 5

13146680v1

11.2. *If to Ms. Alexander*:

> Ms. Krystin Alexander
> 1124 Dekalb Avenue, #24
> Atlanta, Georgia 30307
> and
> Valerie W. Sherman, Esq.
> The Sherman Law Group
> 1560 Warsaw Road, Suite 100
> Roswell, Georgia 30076

The address to which notices are to be sent may be changed by any party by providing notice of the new address as provided herein.

12. **Restoration.** In the event that the Bankruptcy Court denies approval of this Agreement, then, and in that event, unless otherwise agreed by the Parties in writing, this Agreement shall terminate and be null and void and have no further force or effect and the Parties shall be restored to their respective factual and legal positions which existed immediately prior to execution of this Agreement.

13. **Parties to Bear Own Costs.** Except as otherwise stated in this Agreement, each Party shall bear its own costs (including attorney's fees) incurred in connection with the negotiation, preparation, execution, and carrying out of this Agreement and any other agreements, instruments, or documents executed in accordance with the terms of this Agreement.

14. **Time is of the Essence.** Time is of the essence in this Agreement.

To evidence the Parties' agreement to this Agreement, they have executed and delivered it on the dates set forth below the signature lines, but as of the Effective Date.

**TRUSTEE**

_____
S. Gregory Hays, as and only as
Chapter 7 Trustee for the bankruptcy estate of
Michael J. Blydenstein (Case No. 18-71767-PMB)

Dated:_____

**MS. ALEXANDER**

_____
Krystin Alexander

Dated:_____

## CERTIFICATE OF SERVICE

This is to certify that I, Herbert C. Broadfoot II, am over the age of 18 and that I have this day served a true and correct copy of the foregoing *Notice of Motion for Order Authorizing Compromise and Settlement Under Rule 9019 of the Federal Rules of Bankruptcy Procedure, Deadline to Object and Hearing* and *Motion for Order Authorizing Compromise and Settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by first class United States mail on the following entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Valerie W. Sherman, Esq.
The Sherman Law Group
1560 Warsaw Road, Suite 100
Roswell, GA 30076

G. Frank Nason, IV
Lamberth, Cifelli, Ellis & Nason
6000 Lake Forrest Drive, NW, Suite 435
Atlanta, GA 30328

This 3rd day of October, 2022.

/s/ Herbert C. Broadfoot II
Herbert C. Broadfoot II
Georgia Bar No. 083750
bert@hcbroadfootlaw.com

15413783v1